# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| ECCLESIASTICAL DENZEL WASHINGTON, No. 990079, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-4109-CV-C-SOW |
| MATT BLUNT, Governor, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Ecclesiastical Denzel Washington[1] filed this case in June 2007 alleging defendants have been deliberately indifferent to his serious medical needs by exposing him to secondhand tobacco smoke. He states he has asthma, which has been exacerbated by the long-term exposure in his housing unit and work areas at Jefferson City Correctional Center.

Plaintiff is a frequent litigator who previously had three or more cases dismissed as frivolous, as malicious or for failure to state a claim for which relief can be granted. A previous case, Simmons v. Blunt, No. 06-4167 (W.D. Mo. Nov. 2, 2006), filed on August 2, 2006, raised identical claims and was dismissed, pursuant to 28 U.S.C. § 1915(g), under the three-strikes provision. Plaintiff refiled and was granted leave to proceed in forma pauperis in this case because he alleged he was in imminent danger of serious physical injury. In both cases, plaintiff alleges long-term exposure to secondhand smoke.

On September 14, 2007, defendants Bright, Baslee, Cassady, Crawford, Dormire, Enloe, Hall, Lange and Blunt filed a motion to dismiss.[2] They allege plaintiff failed to exhaust his administrative remedies, failed to state a claim for which relief can be granted, and did not name

---

[1]Plaintiff is also known as Willie Simmons.

[2]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

the individuals involved with the alleged events.  Defendants further assert they are entitled to qualified immunity.  Plaintiff responded in opposition to dismissal.

Defendants first assert that plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997(e).  Defendants note that plaintiff wrote letters to corrections officials regarding his exposure to secondhand smoke, and that his allegation that he is in imminent danger is less credible because of the long delay between the time he wrote to corrections officials and the time he filed this lawsuit alleging imminent danger.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit.  See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).  When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

In his complaint, plaintiff states that after he wrote many letters[3], an officer came to his cell and told him that if he made any more complaints about smoking in the housing unit, they would find a place for him and that he would remain there indefinitely.  Plaintiff understood this to mean administrative segregation and that it was a direct threat that he should not make any complaints, formal or otherwise.

---

[3]In one place, plaintiff states he wrote seven times.

In some cases, a threat of retaliation would lead this court to believe that exhaustion of administrative remedies was excused because the threat made the remedies unavailable. This is not such a case. Plaintiff has complained about secondhand smoke for a number of years, filed a previous lawsuit addressing the issue, and wrote letters to some of the same people who would or could be involved in the grievance process. His doing so on a repetitive basis clearly indicates that he had ample opportunity to address the matter, was not afraid to do so, and opted to use an informal means within the institution rather than follow the grievance procedure. At no point does plaintiff say he did not have access to the procedure, and it would appear that he had plenty of time prior to the alleged threat to have initiated the procedure by filing an informal resolution request.

A records review indicates plaintiff has filed more than 25 other lawsuits and is not afraid to raise issues which he believes violates his rights. The cases interpreting 28 U.S.C. § 1997(e) have been fairly strictly interpreted, and exhaustion is mandated. Accordingly, this case will be recommended dismissed for failure to exhaust administrative remedies.

Defendants also assert plaintiff has failed to state a claim for which relief can be granted. Defendants generally claim that exposure to secondhand smoke does not violate contemporary standards of decency, and the records submitted by plaintiff show that inmates within the housing units are given conduct violations when they violate prison smoking rules.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In this case, the court is not persuaded that dismissal would be appropriate for failure to state a claim. Accepting as true plaintiff's factual allegations, he has a medical condition that puts him at greater risk than the general population when exposed to tobacco smoke. This fact distinguishes this case from Larson v. Kempker, 414 F.3d 936 (8th Cir. 2005), cited by defendants, which held that, generally, exposure to environmental tobacco smoke does not violate contemporary standards of decency.

Plaintiff states prison officials continue to permit tobacco products to be sold within the institution and that inmates are not always disciplined when caught smoking in nonsmoking areas. As a result, he states his condition has gotten worse and he now requires stronger prescription medication. He asserts the prison policies are not consistently followed, he has written to the named defendants who have knowledge of the conditions, and they are responsible for enforcement of the institutional policies. To the extent plaintiff alleges that defendants are policy makers or enforcers, or otherwise responsible for plaintiff's housing assignment, knew of plaintiff's medical condition, and did not take steps to provide plaintiff with an environment that did not subject him to a substantial risk of harm, plaintiff has stated a claim.

Defendants also assert they are entitled to qualified immunity. Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln, 816 F.2d 1254 (8th Cir. 1987). Governmental employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. at 201. The court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

Again, defendants have phrased the issue in this case as general exposure to environmental tobacco. The issue is not so broad, because plaintiff is complaining that his exposure creates a substantial risk of injury because of his medical condition. This is a risk personal to plaintiff, and is not the same risk posed to the general population.

If defendants are deliberately indifferent to plaintiff's health and safety by housing him in an environment where tobacco smoke contributes unreasonably to cause a serious medical injury, then a constitutional violation has occurred. The right to be housed in a safe environment

4

was clearly established at the relevant times. Under these circumstances, defendants are not entitled to dismissal on the basis of qualified immunity.

Plaintiff has filed several motions seeking reconsideration of the court's order denying his request for the court to take judicial notice of certain facts and/or reports. Plaintiff's motions are denied. If this case goes forward, and if plaintiff can show the proper foundation for his requests at a time when the court is considering the evidence, such as in support of or opposition to a motion for summary judgment, or at trial, the issues may be reconsidered.

Accordingly, it is

ORDERED that plaintiff's motions of August 6 and September 25, 2007, for reconsideration of prior court orders are denied. [10, 11, 15, 16] It is further

ORDERED that plaintiff's motion of September 12, 2007, for appointment of counsel is denied for the reasons previously set forth. [17] It is further

RECOMMENDED that defendants' motion of September 14, 2007, be granted, in part, and denied, in part, as follows:

(1) that plaintiff's complaint be dismissed, without prejudice, pursuant to 28 U.S.C. § 1997(e), for failure to exhaust administrative remedies; and

(2) that defendants' motion to dismiss for failure to state a claim and because defendants are entitled to qualified immunity be denied. [14]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 1st day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6